1  DONALD R. McKILLOP, SR. SB#131685
   LAW OFFICES OF DONALD R. McKILLOP
2  12396 WORLD TRADE DRIVE, SUITE 202
   SAN DIEGO, CALIFORNIA 92128
3  (858)487-8118
   (858) 487-8109 FAX
4  don@mckilloplaw.com

5  GUY A. RICCIARDULLI, SB#116128
   ATTORNEY AT LAW
6  12396 WORLD TRADE DRIVE, SUITE 202
   SAN DIEGO, CA 92128
7  858 487-8006
   858 487-8109 FAX
8  gricciardu@aol.com

9  Attorneys for Plaintiff
   ERIN HILEY

10         SUPERIOR COURT OF THE STATE OF CALIFORNIA

11         COUNTY OF LOS ANGELES, CENTRAL DISTRICT

12

13 ERIN HILEY,                    )    CASE NO.: **BC 6 4 7 6 1 4**

14         Plaintiff,             )    COMPLAINT FOR DAMAGES FOR GENDER
                                  )    DISCRIMINATION IN VIOLATION OF
15                                )    CAL. GOV'T CODE § 12940(a);
                                  )    VIOLATION OF CALIFORNIA EQUAL PAY
16 v.                             )    ACT; SEXUAL HARASSMENT/HOSTILE
                                  )    WORK ENVIRONMENT IN VIOLATION OF
17 MOLINA HEALTHCARE, INC.,       )    CAL. GOV'T CODE §§ 12940(a) & (j);
   a Delaware Corporation,        )    RETALIATION IN VIOLATION OF
18 and Does 1 through 50,         )    CAL. GOV'T CODE § 12940(h); FAILURE TO
   Inclusive                      )    PREVENT DISCRIMINATION, RETALIATION
19                                )    AND HARASSMENT IN VIOLATION OF
                                  )    CAL. GOV'T CODE § 12940(k); VIOLATION OF
20                                )    CAL. LABOR CODE § 1102.5(b);
         Defendants.              )    CONSTRUCTIVE DISCHARGE IN VIOLATION
21 _____ )     OF PUBLIC POLICY; VIOLATION OF CAL.
                                       LABOR CODE §§ 226 ET SEQ.; VIOLATION
22                                     OF CAL. LABOR CODE § 1198.5; GENDER
                                       DISCRIMINATION IN VIOLATION OF 42
23                                     U.S.C §§ 2000e-2(a)(1), ET SEQ;
24                                     SEXUAL HARASSMENT/HOSTILE WORK
25
26
27
28

Complaint for Damage for Gender Discrimination in Violation of Cal. Gov't Code § 12940(a); Violation of California Equal Pay Act; Sexual Harassment/Hostile Work Environment in Violation of Cal. Gov't Code §§ 12940(a) & (j); Retaliation in Violation of Cal. Gov't Code § 12940(h); Failure to Prevent Discrimination, Retaliation and Harassment in Violation of Cal. Gov't Code § 12940(k); Violation of Cal. Labor Code§ 1102.5(b); Constructive Discharge in Violation of Public Policy; Violation of Cal. Labor Code §§ 226 et seq.; Violation of Cal. Labor Code § 1198.5; Gender Discrimination in Violation of 42 U.S.C §§ 2000e—2(a)(1), et seq.; Sexual Harassment/Hostile Work Environment in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Retaliation in Violation of 42 U.S.C. §§ 2000e-3(a); Failure to Prevent Harassment, Discrimination, and Retaliation in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Violation of Equal Pay Act 29 U.S.C. § 206(d)(1), et seq.

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JAN 20 2017

Sherri R. Carter, Executive Officer/Clerk
By: Moses Soto, Deputy

ENVIRONMENT IN VIOLATION
OF 42 U.S.C. §§ 2000e—2(a)(1),
ET SEQ.; RETALIATION IN
IN VIOLATION OF 42 U.S.C. §§ 2000e-3(a);
FAILURE TO PREVENT HARASSMENT,
DISCRIMINATION, AND
RETALIATION IN VIOLATION OF
42 U.S.C. §§ 2000e—2(a)(1), ET SEQ.;
VIOLATION OF EQUAL PAY ACT
29 U.S.C. §§ 206(d)(1), ET. SEQ.

[UNLIMITED JURISDICTION
Amount demanded exceeds $25,000]

DEMAND FOR JURY TRIAL

Plaintiff alleges:

1.     Plaintiff at all times herein mentioned was a female residing in Los Angeles County, California.

2.     Plaintiff at all relevant times was employed by Defendant MOLINA HEALTHCARE, INC. ("MOLINA") at its principal office in Los Angeles County, California.

3.     Defendant MOLINA HEALTHCARE, INC. is a Delaware Corporation doing business in California, with its principal office in Los Angeles County, California. Defendant is subject to suit under the California Fair Employment and Housing Act, Government Code §§ 12940(a) et seq. (FEHA) and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 et seq. in that Defendant regularly employs five or more persons.

4.     At all times herein, JEFFREY BARLOW ("BARLOW") was Senior Vice President, General Counsel, and Secretary of Defendant MOLINA.

5.     Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereupon alleges that each of the fictitiously named

Complaint for Damage for Gender Discrimination in Violation of Cal. Gov't Code § 12940(a); Violation of California Equal Pay Act; Sexual Harassment/Hostile Work Environment in Violation of Cal. Gov't Code §§ 12940(a) & (j); Retaliation in Violation of Cal. Gov't Code § 12940(h); Failure to Prevent Discrimination, Retaliation and Harassment in Violation of Cal. Gov't Code § 12940(k); Violation of Cal. Labor Code§ 1102.5(b); Constructive Discharge in Violation of Public Policy; Violation of Cal. Labor Code §§ 226 et seq.; Violation of Cal. Labor Code § 1198.5; Gender Discrimination in Violation of 42 U.S.C §§ 2000e-2(a)(1), et seq.; Sexual Harassment/Hostile Work Environment in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Retaliation in Violation of 42 U.S.C. §§ 2000e-3(a); Failure to Prevent Harassment, Discrimination, and Retaliation in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Violation of Equal Pay Act 29 U.S.C. §§ 206(d)(1), et seq.

defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants.

6.     Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned, each of the defendants was the agent and employee of each of the remaining defendants and, in doing the things hereinafter alleged, was acting in the course and scope of such agency and employment.

7.     The unlawful employment practices complained of herein occurred in Los Angeles County, California and other locations.  Venue is proper in Los Angeles County pursuant to Government Code § 12965(a).

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

8.     Plaintiff accepted employment with Defendant MOLINA, on or about October 18, 2010. Plaintiff's initial position was Associate General Counsel, Legal Affairs Department.

9.     During her employment at MOLINA, Plaintiff managed a team of attorneys and non-attorneys and handled high profile cases.  At the time of Plaintiff's constructive discharge on or about August 5, 2016, Plaintiff's title was Vice President/Senior Assistant General Counsel. Plaintiff was never disciplined or reprimanded for any work issues.

10.     On or about June 16, 2015, in recognition of her efforts on behalf of MOLINA, Plaintiff was informed that she was to be promoted and receive a pay raise.  On or about June 19, 2015, after Plaintiff was informed of her pending promotion, BARLOW became aware that HR had conducted an exit interview with an employee who had resigned.  BARLOW believed that in that exit interview the resigning employee had complained about BARLOW's discriminatory conduct.

Complaint for Damage for Gender Discrimination in Violation of Cal. Gov't Code § 12940(a); Violation of California Equal Pay Act; Sexual Harassment/Hostile Work Environment in Violation of Cal. Gov't Code §§ 12940(a) & (j); Retaliation in Violation of Cal. Gov't Code § 12940(h); Failure to Prevent Discrimination, Retaliation and Harassment in Violation of Cal. Gov't Code § 12940(k); Violation of Cal. Labor Code§ 1102.5(b); Constructive Discharge in Violation of Public Policy; Violation of Cal. Labor Code §§ 226 et seq.; Violation of Cal. Labor Code § 1198.5; Gender Discrimination in Violation of 42 U.S.C §§ 2000e-2(a)(1), et seq.; Sexual Harassment/Hostile Work Environment in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Retaliation in Violation of 42 U.S.C. §§ 2000e-3(a); Failure to Prevent Harassment, Discrimination, and Retaliation in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Violation of Equal Pay Act 29 U.S.C. §§ 206(d)(1), et seq.

11.    BARLOW informed Plaintiff that he understood that Plaintiff forwarded a discrimination complaint against BARLOW arising from the resigning employee's exit interview. As a result, BARLOW began a pattern and practice of discrimination and retaliation against Plaintiff as she participated in the course of her employment. Plaintiff's employment duties included performing her job as Legal Advisor to Human Resources (HR), recommending investigations into complaints submitted to HR, and informing management and HR of illegal and unethical conduct by MOLINA employees.

12.    On or about June 19, 2015, HR scheduled a meeting with Plaintiff to discuss the resigning employee's exit interview. Prior to Plaintiff's scheduled meeting with HR, BARLOW telephoned Plaintiff and berated her regarding the exit interview. Plaintiff reminded BARLOW that it was MOLINA's policy to conduct exit interviews when employees resigned. Plaintiff cancelled her meeting with HR to meet with BARLOW to explain company policy regarding exit interviews, and to determine why he objected to this particular exit interview. In their meeting, Plaintiff explained to BARLOW that HR had a legal duty to investigate complaints anytime they were made, and that Plaintiff had no personal involvement in the employee's exit interview.

13.    Acting within the scope of her job duties, Plaintiff advised HR to investigate the resigning employee's discrimination complaint even though BARLOW disagreed with Plaintiff's recommendation. Plaintiff further recommended to HR that an outside investigator/attorney be retained to conduct an investigation. HR accepted Plaintiff's recommendations.

14.    Approximately three weeks after the resigning employee's exit interview, Plaintiff learned that BARLOW had expressed to other employees, including management, the false accusation that Plaintiff filed a complaint about him with HR. Thereafter BARLOW blocked

Complaint for Damage for Gender Discrimination in Violation of Cal. Gov't Code § 12940(a); Violation of California Equal Pay Act; Sexual Harassment/Hostile Work Environment in Violation of Cal. Gov't Code §§ 12940(a) & (j); Retaliation in Violation of Cal. Gov't Code § 12940(h); Failure to Prevent Discrimination, Retaliation and Harassment in Violation of Cal. Gov't Code § 12940(k); Violation of Cal. Labor Code§ 1102.5(b); Constructive Discharge in Violation of Public Policy; Violation of Cal. Labor Code §§ 226 et seq.; Violation of Cal. Labor Code § 1198.5; Gender Discrimination in Violation of 42 U.S.C §§ 2000e-2(a)(1), et seq.; Sexual Harassment/Hostile Work Environment in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Retaliation in Violation of 42 U.S.C. §§ 2000e-3(a), et seq.; Failure to Prevent Harassment, Discrimination, and Retaliation in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Violation of Equal Pay Act 29 U.S.C. §§ 206(d)(1), et seq.

Plaintiff's promotion and she was subjected to severe ongoing retaliatory behavior from BARLOW.

15.     Plaintiff complained to HR once it was clear that BARLOW was blocking her promotion in retaliation for his false belief that she complained about him.

16.     Throughout the summer of 2015, Plaintiff heard from colleagues that BARLOW was continuing to make disparaging remarks about her. On one occasion, BARLOW told an employee that Plaintiff was "going off the rails" about the pending discrimination complaint against him. Plaintiff confronted BARLOW about his interference with, and obstruction of, the investigation process by his coaching of two employees who were subjects of the ongoing HR investigation. BARLOW stated that HR's lack of objectivity allowed him to obstruct the investigation.

17.     In or about late August 2015, Dr. Molina, CEO, announced that Jim NOVELLO ("NOVELLO") would move from his health plan operations role at MOLINA into the corporate Legal Department as Deputy General Counsel, and that he would manage the Legal Department personnel instead of BARLOW. All Legal Department employees, including Plaintiff, would then report to NOVELLO. This development troubled Plaintiff, as previously NOVELLO had made unwanted sexual advances toward Plaintiff. Plaintiff was also aware that NOVELLO, who had worked in MOLINA's Legal Department in the past, was a close friend with BARLOW. Plaintiff reported to management and HR that she was not comfortable working with NOVELLO because of his unwanted sexual advances toward her in the past.

18.     NOVELLO met with Plaintiff shortly after he was reassigned and recommenced his unwanted sexual advances toward Plaintiff. Plaintiff immediately rejected NOVELLO's

5

Complaint for Damage for Gender Discrimination in Violation of Cal. Gov't Code § 12940(a); Violation of California Equal Pay Act; Sexual Harassment/Hostile Work Environment in Violation of Cal. Gov't Code §§ 12940(a) & (j); Retaliation in Violation of Cal. Gov't Code § 12940(h); Failure to Prevent Discrimination, Retaliation and Harassment in Violation of Cal. Gov't Code § 12940(k); Violation of Cal. Labor Code§ 1102.5(b); Constructive Discharge in Violation of Public Policy; Violation of Cal. Labor Code §§ 226 et seq.; Violation of Cal. Labor Code § 1198.5; Gender Discrimination in Violation of 42 U.S.C. §§ 2000e-2(a)(1), et seq.; Sexual Harassment/Hostile Work Environment in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Retaliation in Violation of 42 U.S.C. §§ 2000e-3(a); Failure to Prevent Harassment, Discrimination, and Retaliation in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Violation of Equal Pay Act 29 U.S.C. §§ 206(d)(1), et seq.

sexual advances.  NOVELLO then informed Plaintiff that he was removing "high-level HR issues" from her which she had normally handled.  Thereafter, NOVELLO and BARLOW implemented a plan to insulate the Legal Department from HR and other managerial oversight.

19.     To further the plan to insulate the Legal Department from HR and managerial oversight, BARLOW sent an email to a select few employees, including Plaintiff, instructing them to "stand up against John Molina, CFO, (and Dr. Molina's brother) and Bob Gordon, VP of HR," both of whom BARLOW believed were interfering with the Legal Department's personnel issues.

20.     Plaintiff reported to management and HR that BARLOW had instructed certain people, including Plaintiff, to "stand up against John (Molina) and Bob (Gordon)" and demand that they stop interfering with the Legal Department's personnel issues.

21.     BARLOW and NOVELLO began to call outside counsel, improperly and unjustifiably denigrating Plaintiff's job performance, in retaliation for Plaintiff performing her job duties. BARLOW and NOVELLO also made disparaging remarks about Plaintiff in front of her team.

22.     In or about mid-November 2015, BARLOW called an "all-hands" meeting of the Legal Department, during which he informed them that he was very upset about the exit interview, investigation and discrimination complaint made against him the previous summer. BARLOW then instructed the group that they should not go to HR with any problem, but instead go to either NOVELLO or him.  Plaintiff's subordinates reported BARLOW's instruction to HR, and Plaintiff corroborated those facts to HR.  HR did not investigate, but instead accepted BARLOW's denial that he made those comments.

Complaint for Damage for Gender Discrimination in Violation of Cal. Gov't Code § 12940(a); Violation of California Equal Pay Act; Sexual Harassment/Hostile Work Environment in Violation of Cal. Gov't Code §§ 12940(a) & (j); Retaliation in Violation of Cal. Gov't Code § 12940(h); Failure to Prevent Discrimination, Retaliation and Harassment in Violation of Cal. Gov't Code § 12940(k); Violation of Cal. Labor Code§ 1102.5(b); Constructive Discharge in Violation of Public Policy; Violation of Cal. Labor Code §§ 226 et seq.; Violation of Cal. Labor Code § 1198.5; Gender Discrimination in Violation of 42 U.S.C. §§ 2000e-2(a)(1), et seq.; Sexual Harassment/Hostile Work Environment in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Retaliation in Violation of 42 U.S.C. §§ 2000e-3(a); Failure to Prevent Harassment, Discrimination, and Retaliation in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Violation of Equal Pay Act 29 U.S.C. §§ 206(d)(1), et seq.

23.   Soon after the "all hands" meeting, NOVELLO and Plaintiff had a meeting in which NOVELLO unjustifiably criticized much of Plaintiff's work performance.   Plaintiff told NOVELLO that she did not appreciate his and BARLOW's disparaging remarks about her in front of her team, that NOVELLO was dismissive of her team, that she did not understand why he and BARLOW went behind her back and spoke with outside counsel about her job performance, and their habit of humiliating her.  Plaintiff also told NOVELLO that BARLOW's "all hands" meeting and instruction not to go to HR to discuss problems, and their continued public disparagement and humiliation of Plaintiff were direct retaliation against her because of the previous advice Plaintiff had provided to HR, as part and parcel of her job duties.

24.   Subsequently, Plaintiff pointed out to BARLOW and NOVELLO that two male employees, less qualified than Plaintiff, were promoted without ever having managed any person or process, despite her promotion being blocked.  Plaintiff also informed HR of this conversation with BARLOW and NOVELLO.

25.   Each member of Plaintiff's attorney and non-attorney team was female.  Plaintiff and her female team members were treated in a disparate manner, including but not limited to being excluded from group functions and activities, subjected to inappropriate gender related comments, denied promotions, and being paid less than male counterparts.  Plaintiff reported this disparate treatment to management and HR.

26.   NOVELLO had been untruthful in conducting certain company business, misrepresented material facts and issues, and misrepresented management's wishes regarding case handling.  Plaintiff reported this to management and HR.

Complaint for Damage for Gender Discrimination in Violation of Cal, Gov't Code § 12940(a); Violation of California Equal Pay Act; Sexual Harassment/Hostile Work Environment in Violation of Cal. Gov't Code §§ 12940(a) & (j); Retaliation in Violation of Cal. Gov't Code § 12940(h); Failure to Prevent Discrimination, Retaliation and Harassment in Violation of Cal. Gov't Code § 12940(k); Violation of Cal. Labor Code§ 1102.5(b); Constructive Discharge in Violation of Public Policy; Violation of Cal. Labor Code §§ 226 et seq.; Violation of Cal. Labor Code § 1198.5; Gender Discrimination in Violation of 42 U.S.C §§ 2000e-2(a)(1), et seq.; Sexual Harassment/Hostile Work Environment in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Retaliation in Violation of 42 U.S.C. §§ 2000e-3(a); Failure to Prevent Harassment, Discrimination, and Retaliation in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Violation of Equal Pay Act 29 U.S.C. §§ 206(d)(1), et seq.

27.     In or about January 2016, Bob Gordon informed Plaintiff that she would receive the promotion that BARLOW had blocked.   The retaliatory conduct of BARLOW and NOVELLO against Plaintiff continued unabated.

28.     On or about March 4 and 5, 2016, the Legal Department scheduled a retreat. Prior to the retreat, Plaintiff again expressed her concerns to HR and other supervisors and management about being in close proximity to NOVELLO given his history of sexual harassment of her.   Throughout the retreat in South Lake Tahoe, NOVELLO made numerous and continual unwanted and aggressive sexual advances and physical threats toward Plaintiff, all of which she rejected and rebuffed. NOVELLO's conduct put Plaintiff in imminent fear of being sexually assaulted.

29.     Plaintiff recounted, in detail, NOVELLO's ongoing harassment at Lake Tahoe to management, including HR.  Upon HR's recommendation, Plaintiff then filed a formal complaint against NOVELLO with HR, prompting an investigation.  After the retreat, NOVELLO continued to stalk Plaintiff.  Plaintiff tried to avoid NOVELLO by working from home or working from another building.  Another employee told Plaintiff that NOVELLO was "looking for her a lot and red in the face" at learning that Plaintiff was not present.

30.     When Plaintiff and NOVELLO did meet briefly, he aggressively confronted Plaintiff about the pending HR investigation.

31.     After the retreat, Dr. Molina called Plaintiff and told her BARLOW was the General Counsel and had complete control over the Legal Department.  Plaintiff informed Dr. Molina in this call and other conversations that BARLOW displayed a lack of knowledge regarding employment law matters and failed to maintain confidentiality.  Dr. Molina also

8

Complaint for Damage for Gender Discrimination in Violation of Cal. Gov't Code § 12940(a); Violation of California Equal Pay Act; Sexual Harassment/Hostile Work Environment In Violation of Cal. Gov't Code §§ 12940(a) & (j); Retaliation in Violation of Cal. Gov't Code § 12940(h); Failure to Prevent Discrimination, Retaliation and Harassment in Violation of Cal. Gov't Code § 12940(k); Violation of Cal. Labor Code§ 1102.5(b); Constructive Discharge in Violation of Public Policy; Violation of Cal. Labor Code §§ 226 et seq.; Violation of Cal. Labor Code § 1198.5; Gender Discrimination in Violation of 42 U.S.C. §§ 2000e-2(a)(1), et seq.; Sexual Harassment/Hostile Work Environment in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Retaliation in Violation of 42 U.S.C. §§ 2000e-3(a); Failure to Prevent Harassment, Discrimination, and Retaliation in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Violation of Equal Pay Act 29 U.S.C. §§ 206(d)(1), et seq.

informed Plaintiff that he knew about a complaint against NOVELLO, and he told BARLOW about it.  Plaintiff told him that *she* was the complainant. He laughed and said, "Oh shit." Plaintiff immediately terminated her conversation with Dr. Molina and called HR to report that conversation.

32.     Plaintiff informed BARLOW that she had made a sexual harassment complaint against NOVELLO.  MOLINA hired outside counsel to investigate Plaintiff's complaint and hired a second law firm to provide advice and recommendations regarding the concluded investigation.  This communication and series of events only served to increase NOVELLO's and BARLOW's ongoing retaliation against Plaintiff.

33.     In late April or early May 2016, CFO John Molina told Plaintiff that the investigation into Plaintiff's complaint against NOVELLO for sexual harassment had concluded and the investigator found her to be credible.

34.     Thereafter, Plaintiff had dinner with John Molina in Philadelphia and confided in him that she was stressed because NOVELLO still worked at the company, despite the investigation findings, she still feared him, and she did not believe that NOVELLO and BARLOW would stop their retaliatory campaign against her.  John Molina told Plaintiff that she should give it a few more months.

35.     Subsequently, Plaintiff met with HR to express her continuing concerns about NOVELLO and BARLOW.  Plaintiff was still in fear of NOVELLO based on her ongoing personal exposure to his presence.  Plaintiff also reported to HR that she was concerned about working with BARLOW given BARLOW's close friendship with NOVELLO, and NOVELLO's and BARLOW's ongoing retaliatory conduct toward Plaintiff.  HR reported this to Dr. Molina,

Complaint for Damage for Gender Discrimination in Violation of Cal. Gov't Code § 12940(a); Violation of California Equal Pay Act; Sexual Harassment/Hostile Work Environment in Violation of Cal. Gov't Code §§ 12940(a) & (j); Retaliation in Violation of Cal. Gov't Code § 12940(h); Failure to Prevent Discrimination, Retaliation and Harassment in Violation of Cal. Gov't Code § 12940(k); Violation of Cal. Labor Code§ 1102.5(b); Constructive Discharge in Violation of Public Policy; Violation of Cal. Labor Code §§ 226 et seq.; Violation of Cal. Labor Code § 1198.5; Gender Discrimination in Violation of 42 U.S.C §§ 2000e-2(a)(1), et seq.; Sexual Harassment/Hostile Work Environment in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Retaliation in Violation of 42 U.S.C. §§ 2000e-3(a); Failure to Prevent Harassment, Discrimination, and Retaliation in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Violation of Equal Pay Act 29 U.S.C. §§ 206(d)(1), et seq.

who called to discuss these issues with Plaintiff. Plaintiff explained to Dr. Molina, in detail, her fears and concerns with regard to NOVELLO and BARLOW.

36.    In or about June 2016, Plaintiff was informed that NOVELLO was resigning and that she would then report to Ron Kurtz ("KURTZ"), a less qualified and less experienced male colleague, who was being promoted over Plaintiff to the vacant position NOVELLO had occupied, despite BARLOW's prior representation to Plaintiff that she would receive this promotion.

37.    On the same day, BARLOW sent out an email explaining NOVELLO's departure. The email indicated that NOVELLO's departure was voluntary, that NOVELLO would still work with MOLINA from his new position at a "boutique" law firm, and that BARLOW regretted NOVELLO's departure. No reference was made to NOVELLO's misconduct towards Plaintiff.

38.    Plaintiff sent an email to Dr. Molina, copy to BARLOW, expressing her concerns that she was demoted by being required to report to KURTZ, and that BARLOW misrepresented the reasons why NOVELLO left MOLINA. Plaintiff also voiced her concerns regarding BARLOW's documented history of retaliating against her for engaging in protected activity. Plaintiff further reported to management, HR, and BARLOW that BARLOW's actions towards her after NOVELLO's resignation were retaliatory and were causing her a great deal of stress. Defendant did not investigate Plaintiff's allegations and took no action to remedy this ongoing retaliation and discrimination, and instead promoted KURTZ.

39.    Until her constructive discharge on or about August 5, 2016, Plaintiff was repeatedly subjected to BARLOW's ongoing acts of retaliation, discrimination, and harassment

Complaint for Damage for Gender Discrimination in Violation of Cal. Gov't Code § 12940(a); Violation of California Equal Pay Act; Sexual Harassment/Hostile Work Environment in Violation of Cal. Gov't Code §§ 12940(a) & (j); Retaliation in Violation of Cal. Gov't Code § 12940(h); Failure to Prevent Discrimination, Retaliation and Harassment in Violation of Cal. Gov't Code § 12940(k); Violation of Cal. Labor Code§ 1102.5(b); Constructive Discharge in Violation of Public Policy; Violation of Cal. Labor Code §§ 226 et seq.; Violation of Cal. Labor Code § 1198.5; Gender Discrimination in Violation of 42 U.S.C §§ 2000e-2(a)(1), et seq.; Sexual Harassment/Hostile Work Environment in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Retaliation in Violation of 42 U.S.C. §§ 2000e-3(a); Failure to Prevent Harassment, Discrimination, and Retaliation in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Violation of Equal Pay Act 29 U.S.C. § 206(d)(1), et seq.

until she concluded that she had no reasonable choice but to leave the company. Also during this time period, KURTZ and BARLOW made continuing and ongoing discriminatory comments about Plaintiff and the other females on her team.

40.     MOLINA failed to undertake and conduct an appropriate investigation into each complaint made by Plaintiff.

41.     On or about August 5, 2016, Plaintiff resigned her employment based on Defendant's constructive discharge and wrongful termination.

42.     On or about August 10, 2016, Plaintiff requested copies of her personnel file, hiring documents, investigative files referencing or relating to her in any way, write ups, performance evaluations, and payroll, benefits and other compensation records.  A copy of that written request is attached hereto as Exhibit 1.

43.     Defendant failed to timely and fully comply with Plaintiff's request.

44.     Plaintiff timely filed a charge of discrimination with the California Department of Fair Employment and Housing (DFEH).

45.     On or about August 10, 2016 the DFEH issued to Plaintiff a Right to Sue letter. A copy of the Right to Sue letter is attached hereto as Exhibit 2.

46.     Plaintiff timely filed a charge of discrimination with the Equal Opportunity Employment Commission (EEOC) as required by 42 U.S.C. 2000e-5.

47.     On or about October 19, 2016 the EEOC issued to Plaintiff a Right to Sue letter. A copy of the Right to Sue letter is attached hereto as Exhibit 3.

---

11

Complaint for Damage for Gender Discrimination in Violation of Cal. Gov't Code § 12940(a); Violation of California Equal Pay Act; Sexual Harassment/Hostile Work Environment in Violation of Cal. Gov't Code §§ 12940(a) & (j); Retaliation in Violation of Cal. Gov't Code § 12940(h); Failure to Prevent Discrimination, Retaliation and Harassment in Violation of Cal. Gov't Code § 12940(k); Violation of Cal. Labor Code§ 1102.5(b); Constructive Discharge in Violation of Public Policy; Violation of Cal. Labor Code §§ 226 et seq.; Violation of Cal. Labor Code § 1198.5; Gender Discrimination in Violation of 42 U.S.C. §§ 2000e-2(a)(1), et seq.; Sexual Harassment/Hostile Work Environment in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Retaliation in Violation of 42 U.S.C. §§ 2000e-3(a); Failure to Prevent Harassment, Discrimination, and Retaliation in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Violation of Equal Pay Act 29 U.S.C. § 206(d)(1), et seq.

## FIRST CAUSE OF ACTION

### Gender Discrimination in Violation of Cal. Gov't Code § 12940(a)

48.    Plaintiff realleges paragraphs 1 through 47 as though fully set forth herein.

49.    At all times herein mentioned, California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12940 et seq., was in full force and effect and fully binding upon Defendant.  Plaintiff was a member of a group protected by the statute, in particular § 12940(a), prohibiting discrimination in employment based on gender.  Defendant MOLINA subjected Plaintiff to adverse employment actions, including unequal pay, hostile work environment, failure to promote, wrongful demotion, and constructive discharge.

50.    Plaintiff was a member of a group protected by the statute, in particular § 12940(a), prohibiting discrimination in employment based on gender.

51.    The gender of Plaintiff was a substantial motivating reason for the adverse employment actions MOLINA took against Plaintiff. The failure to provide equal pay, prevent a hostile work environment, failure to promote, disparate treatment of female employees, wrongful demotion, and constructive discharge of Plaintiff by Defendant MOLINA constituted discrimination based on gender and violated Government Code § 12940(a).

52.    As a direct, foreseeable and proximate result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer substantial past and future losses in earnings, equity and other employment benefits and has incurred other economic losses.

53.    As a further direct, foreseeable and proximate result of Defendant's unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame, and embarrassment all to Plaintiff's damage in an amount to be proven at time of trial.

Complaint for Damage for Gender Discrimination in Violation of Cal. Gov't Code § 12940(a); Violation of California Equal Pay Act; Sexual Harassment/Hostile Work Environment in Violation of Cal. Gov't Code §§ 12940(a) & (j); Retaliation in Violation of Cal. Gov't Code § 12940(h); Failure to Prevent Discrimination, Retaliation and Harassment in Violation of Cal. Gov't Code § 12940(k); Violation of Cal. Labor Code§ 1102.5(b); Constructive Discharge in Violation of Public Policy; Violation of Cal. Labor Code §§ 226 et seq.; Violation of Cal. Labor Code § 1198.5; Gender Discrimination in Violation of 42 U.S.C. §§ 2000e-2(a)(1), et seq.; Sexual Harassment/Hostile Work Environment in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Retaliation in Violation of 42 U.S.C. §§ 2000e-3(a); Failure to Prevent Harassment, Discrimination, and Retaliation in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Violation of Equal Pay Act 29 U.S.C. §§ 206(d)(1), et seq.

54.     Defendant committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights of Plaintiff. Plaintiff is thus entitled to recover punitive damages from the Defendant in an amount according to proof.

### SECOND CAUSE OF ACTION
**Violation of California Equal Pay Act**

55.     Plaintiff realleges paragraphs 1 through 54 as though fully set forth herein.

56.     At all times herein, Plaintiff did not receive equal pay for equal work done by similarly situated individuals in the employ of Defendant, in violation of the California Equal Pay Act, Labor Code § 1197.5 et seq.  Plaintiff's rate of pay was less than the rates paid to employees of the opposite sex in the same establishment for equal work on jobs the performance of which required equal skill, effort, and responsibility, and which were performed under similar working conditions.

57.     At all times herein, males in the litigation department received superior titles and commensurate compensation, despite the fact that Plaintiff and other females did the same work. Further, male employees were promoted over female employees who had similar or superior qualifications and were doing similar work.

58.     As a proximate result of Defendant's discriminatory actions against Plaintiff, Plaintiff has been harmed in that she has suffered past and future loss of wages, salary, equity, and other benefits in an amount to be proven at the time of trial.

Complaint for Damage for Gender Discrimination in Violation of Cal. Gov't Code § 12940(a); Violation of California Equal Pay Act; Sexual Harassment/Hostile Work Environment In Violation of Cal. Gov't Code § 12940(a) & (j); Retaliation in Violation of Cal. Gov't Code § 12940(h); Failure to Prevent Discrimination, Retaliation and Harassment in Violation of Cal. Gov't Code § 12940(k); Violation of Cal. Labor Code§ 1102.5(b); Constructive Discharge in Violation of Public Policy; Violation of Cal. Labor Code §§ 226 et seq.; Violation of Cal. Labor Code § 1198.5; Gender Discrimination in Violation of 42 U.S.C §§ 2000e–2(a)(1), et seq.; Sexual Harassment/Hostile Work Environment in Violation of 42 U.S.C. §§ 2000e–2(a)(1), et seq.; Retaliation in Violation of 42 U.S.C. §§ 2000e-3(a); Failure to Prevent Harassment, Discrimination, and Retaliation in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Violation of Equal Pay Act 29 U.S.C. §§ 206(d)(1), et seq.

59.     As a further proximate result of Defendant's discriminatory actions against Plaintiff, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress in an amount to be proven at the time of trial.

### THIRD CAUSE OF ACTION
**Sexual Harassment /Hostile Work Environment in Violation of Cal. Gov't Code §§ 12940(a) & (j)**

60.     Plaintiff hereby incorporates by reference Paragraphs 1 through 59 of this Complaint as if fully set forth herein, and for a cause of action alleges as follows:

61.     At all times herein mentioned, California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12900, et seq., was in full force and effect and was fully binding upon Defendants.  Specifically, § 12940(j)(1) prohibits an employer from sexually harassing an employee and allowing a hostile work environment.  The actions of NOVELLO, BARLOW, and KURTZ towards Plaintiff, their subordinate, as described herein, constituted sexual harassment and created a hostile work environment which materially altered Plaintiff's working conditions and which constituted sexual harassment in violation of Gov't Code § 12940(j)(1).

62.     The actions of Defendant and BARLOW, as described herein, ratified NOVELLO's and KURTZ' misconduct, and created a hostile work environment, in violation of Gov't Code § 12940(j)(1).

63.     The misconduct of NOVELLO, BARLOW, KURTZ and Defendant was pervasive, severe, continuous and systematic, and created a work environment that was objectively and subjectively offensive, hostile, intimidating, and abusive.  A reasonable person in Plaintiff's position would have believed the conduct to be extremely offensive, hostile, intimidating, and abusive.  Plaintiff found the work environment to be extremely offensive, hostile, intimidating, and abusive such that the character of her work environment was substantially altered.

Complaint for Damage for Gender Discrimination in Violation of Cal. Gov't Code § 12940(a); Violation of California Equal Pay Act; Sexual Harassment/Hostile Work Environment in Violation of Cal. Gov't Code §§ 12940(a) & (j); Retaliation in Violation of Cal. Gov't Code § 12940(h); Failure to Prevent Discrimination, Retaliation and Harassment in Violation of Cal. Gov't Code § 12940(k); Violation of Cal. Labor Code§ 1102.5(b); Constructive Discharge in Violation of Public Policy; Violation of Cal. Labor Code §§ 226 et seq.; Violation of Cal. Labor Code § 1198.5; Gender Discrimination in Violation of 42 U.S.C §§ 2000e-2(a)(1), et seq.; Sexual Harassment/Hostile Work Environment in Violation of 42 U.S.C. §§ 2000e-2(a)(1), et seq.; Retaliation in Violation of 42 U.S.C. §§ 2000e-3(a); Failure to Prevent Harassment, Discrimination, and Retaliation in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Violation of Equal Pay Act 29 U.S.C. §§ 206(d)(1), et seq.

64.     Plaintiff repeatedly reported the ongoing misconduct to MOLINA's Human Resource Department and management as required by company protocol.  Defendant MOLINA failed to address and resolve the issues in a prompt and effective manner.  As a result, Plaintiff remained in close physical proximity and exposure to NOVELLO, and experienced ongoing anxiety and fear for her safety.

65.     As a direct, foreseeable and proximate result of Defendant's unlawful actions, Plaintiff has suffered economic damages including past and future lost wages, equity, benefits and other compensation.

66.     As a direct, foreseeable, and proximate result of Defendant's unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame, and embarrassment, all to Plaintiff's damage in an amount to be proven at the time of trial.

67.     Defendant committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights or safety of Plaintiff. Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to proof.

### FOURTH CAUSE OF ACTION
### Retaliation in Violation of Cal. Gov't Code § 12940(h)

68.     Plaintiff hereby incorporates by reference Paragraphs 1 through 67 of this Complaint as if fully set forth herein.

69.     At all times herein mentioned, California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12900, et seq., was in full force and effect and was fully binding upon Defendant.  Specifically, § 12940(h) makes it an unlawful employment practice for an employer to discriminate against any person because the person has opposed any practices forbidden under this part, or because the person has filed a complaint, testified, or assisted in any proceeding under this part.

Complaint for Damage for Gender Discrimination in Violation of Cal. Gov't Code § 12940(a); Violation of California Equal Pay Act; Sexual Harassment/Hostile Work Environment in Violation of Cal. Gov't Code §§ 12940(a) & (j); Retaliation in Violation of Cal. Gov't Code § 12940(h); Failure to Prevent Discrimination, Retaliation and Harassment in Violation of Cal. Gov't Code § 12940(k); Violation of Cal. Labor Code § 1102.5(b); Constructive Discharge in Violation of Public Policy; Violation of Cal. Labor Code §§ 226 et seq.; Violation of Cal. Labor Code § 1198.5; Gender Discrimination in Violation of 42 U.S.C §§ 2000e-2(a)(1), et seq.; Sexual Harassment/Hostile Work Environment in Violation of 42 U.S.C §§ 2000e—2(a)(1), et seq.; Retaliation in Violation of 42 U.S.C. §§ 2000e-3(a); Failure to Prevent Harassment, Discrimination, and Retaliation in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Violation of Equal Pay Act 29 U.S.C. §§ 206(d)(1), et seq.

70.     Until her constructive discharge, Plaintiff engaged in numerous protected activities. These activities included, but were not limited to, the following:

a. Plaintiff advised HR to investigate employee's discrimination complaints even if BARLOW disagreed;

b. Plaintiff complained to HR that BARLOW was wrongfully blocking her promotion;

c. Plaintiff confronted BARLOW about his interference with and obstruction of the HR investigation;

d. Plaintiff expressed to management and HR that she was not comfortable working with NOVELLO who had sexually harassed her in the past;

e. Plaintiff complained to BARLOW, management, and HR that NOVELLO removed high-level HR issues from her;

f. Plaintiff reported to management and HR, that BARLOW had tried to insulate the Legal Department from HR supervision;

g. Plaintiff reported to management and HR BARLOW's instruction to eliminate HR and instead address all personnel problems with him or NOVELLO;

h. Plaintiff informed NOVELLO that BARLOW's "all hands" meeting and instruction not to go to HR to discuss problems was a direct retaliation against her because she, as part of her job, advised HR regarding discrimination complaints;

i. Plaintiff reported to HR that two male employees had been promoted without having ever managed anyone or any process and were less qualified than her;

j. Prior to the March 4th retreat, the Plaintiff expressed her ongoing concerns to HR and management about being in close proximity to NOVELLO;

k. After the retreat, Plaintiff reported the serious sexual misconduct of NOVELLO to HR;

l. Plaintiff filed a formal complaint against NOVELLO with HR, prompting an investigation;

Complaint for Damage for Gender Discrimination in Violation of Cal. Gov't Code § 12940(a); Violation of California Equal Pay Act; Sexual Harassment/Hostile Work Environment in Violation of Cal. Gov't Code §§ 12940(a) & (j); Retaliation in Violation of Cal. Gov't Code § 12940(h); Failure to Prevent Discrimination, Retaliation and Harassment in Violation of Cal. Gov't Code § 12940(k); Violation of Cal. Labor Code§ 1102.5(b); Constructive Discharge in Violation of Public Policy; Violation of Cal. Labor Code §§ 226 et seq.; Violation of Cal. Labor Code § 1198.5; Gender Discrimination in Violation of 42 U.S.C §§ 2000e-2(a)(1), et seq.; Sexual Harassment/Hostile Work Environment in Violation of 42 U.S.C. §§ —2(a)(1), et seq.; Retaliation in Violation of 42 U.S.C. §§ 2000e-3(a); Failure to Prevent Harassment, Discrimination, and Retaliation in Violation of 42 U.S.C. §§ —2(a)(1), et seq.; Violation of Equal Pay Act 29 U.S.C. §§ 206(d)(1), et seq.

m. Plaintiff reported to management that BARLOW displayed a lack of knowledge regarding employment law matters;

n. Plaintiff reported to management that BARLOW repeatedly failed to maintain confidential information;

o. Plaintiff reported to management that NOVELLO had made misrepresentations about material facts and issues, and also mispresented management's wishes regarding case handling;

p. Plaintiff reported to management that BARLOW repeatedly disparaged members of management to other employees;

q. Plaintiff reported to HR that NOVELLO's, BARLOW's and KURTZ' conduct toward Plaintiff and other female employees was negatively impacting MOLINA;

r. Plaintiff reported her conversation with Dr. Molina to HR regarding her complaint against NOVELLO;

s. Plaintiff reported to BARLOW that she had made a complaint against NOVELLO;

t. Plaintiff met with HR to express her serious concerns about the results of the investigation into her complaint against NOVELLO;

u. Plaintiff was especially concerned about working with and for BARLOW and reported these concerns to HR;

v. Plaintiff reported to management that BARLOW, NOVELLO and KURTZ had harassed and discriminated against her and other female employees, and retaliated against her.

w. Plaintiff reported to management, HR, and BARLOW that BARLOW's actions towards her after NOVELLO's termination were retaliatory and causing her a great deal of stress.

71.    Defendant responded to Plaintiff's protected activity by retaliating against her. But for Plaintiff engaging in protected activities as alleged herein, Defendant would not have retaliated against her.

Complaint for Damages for Gender Discrimination in Violation of Cal. Gov't Code § 12940(a); Violation of California Equal Pay Act; Sexual Harassment/Hostile Work Environment in Violation of Cal. Gov't Code §§ 12940(a) & (j); Retaliation in Violation of Cal. Gov't Code § 12940(h); Failure to Prevent Discrimination, Retaliation and Harassment in Violation of Cal. Gov't Code § 12940(k); Violation of Cal. Labor Code§ 1102.5(b); Constructive Discharge in Violation of Public Policy; Violation of Cal. Labor Code §§ 226 et seq.; Violation of Cal. Labor Code § 1198.5; Gender Discrimination in Violation of 42 U.S.C §§ 2000e-2(a)(1), et seq.; Sexual Harassment/Hostile Work Environment in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Retaliation in Violation of 42 U.S.C. §§ 2000e-3(a); Failure to Prevent Harassment, Discrimination, and Retaliation in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Violation of Equal Pay Act 29 U.S.C. § 206(d)(1), et seq.

72.    Defendant retaliated in the following ways, among others:

a.  BARLOW falsely accused Plaintiff of making a complaint against him to HR;

b.  BARLOW blocked Plaintiff 's promotion;

c.  BARLOW continually made disparaging remarks about Plaintiff to her coworkers and outside counsel;

d.  "High-level HR issues" were removed from Plaintiff, preventing her from doing her job;

e.  Plaintiff received undo and unfounded criticism of her work performance by NOVELLO;

f.  BARLOW instructed employees not to consult with HR regarding employment issues, preventing Plaintiff from performing her advisory role;

g.  BARLOW issued a false account of why NOVELLO left MOLINA;

h.  A male, who was less qualified than Plaintiff, was promoted to NOVELLO's vacant position;

i.  MOLINA violated its own policies and procedures by not investigating Plaintiff's complaints;

j.  MOLINA required that Plaintiff report to BARLOW, who had consistently demonstrated discriminatory and retaliatory conduct toward Plaintiff;

k.  MOLINA interfered with the reporting of subordinates to Plaintiff, usurping her authority, and rendering it much more difficult for her to do her job.

73.    Plaintiff engaging in the enumerated protected activities was a substantial motivating factor in the Defendant's retaliation against her.

74.    Despite Defendant MOLINA's constructive and actual knowledge of the above-mentioned retaliation, Defendant failed to investigate the circumstances regarding the retaliation and failed to take immediate and appropriate corrective action to stop the retaliation.

18

Complaint for Damage for Gender Discrimination in Violation of Cal. Gov't Code § 12940(a); Violation of California Equal Pay Act; Sexual Harassment/Hostile Work Environment in Violation of Cal. Gov't Code §§ 12940(a) & (j); Retaliation in Violation of Cal. Gov't Code § 12940(k); Failure to Prevent Discrimination, Retaliation and Harassment in Violation of Cal. Gov't Code § 12940(k); Violation of Cal. Labor Code§ 1102.5(b); Constructive Discharge in Violation of Public Policy; Violation of Cal. Labor Code §§ 226 et seq.; Violation of Cal. Labor Code § 1198.5; Gender Discrimination in Violation of 42 U.S.C §§ 2000e—2(a)(1), et seq.; Sexual Harassment/Hostile Work Environment in Violation of 42 U.S.C §§ 2000e—2(a)(1), et seq.; Retaliation in Violation of 42 U.S.C. §§ 2000e-3(a); Failure to Prevent Harassment, Discrimination, and Retaliation in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Violation of Equal Pay Act 29 U.S.C. §§ 206(d)(1), et seq.

75. The Defendant's retaliation resulted in adverse employment actions against the Plaintiff, including demotion, preventing her from doing her job, harassment and retaliation, resulting in her constructive discharge.

76. The retaliation of the Defendant was a substantial factor in causing harm to Plaintiff.

77. As a direct, foreseeable and proximate result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer losses in past and future earnings, equity and other employment benefits and has incurred other economic losses.

78. As a direct, foreseeable, and proximate result of Defendant's unlawful actions, Plaintiff has suffered substantial emotional distress, humiliation, shame, and embarrassment, all to Plaintiff's damage in an amount to be proven at the time of trial.

79. Defendant committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights and safety of Plaintiff and others. Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to proof.

## FIFTH CAUSE OF ACTION
### Failure to Prevent Discrimination, Retaliation and Harassment in Violation of Cal. Gov't Code § 12940(k)

80. Plaintiff hereby incorporates by reference Paragraphs 1 through 79 of this Complaint as if fully set forth herein.

81. At all times herein mentioned, California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12900, et seq., was in full force and effect and was fully binding upon Defendant. Specifically, § 12940(k) makes it an unlawful employment practice for an

Complaint for Damage for Gender Discrimination in Violation of Cal. Gov't Code § 12940(a); Violation of California Equal Pay Act; Sexual Harassment/Hostile Work Environment in Violation of Cal. Gov't Code §§ 12940(a) & (j); Retaliation in Violation of Cal. Gov't Code § 12940(h); Failure to Prevent Discrimination, Retaliation and Harassment in Violation of Cal. Gov't Code § 12940(k); Constructive Discharge in Violation of Public Policy; Violation of Cal. Labor Code §§ 226 et seq.; Violation of Cal. Labor Code § 1198.5; Gender Discrimination in Violation of 42 U.S.C §§ 2000e-2(a)(1), et seq.; Sexual Harassment/Hostile Work Environment in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Retaliation in Violation of 42 U.S.C. §§ 2000e-3(a); Failure to Prevent Harassment, Discrimination, and Retaliation in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Violation of Equal Pay Act 29 U.S.C. §§ 206(d)(1), et seq.

1 | employer to fail to take all reasonable steps necessary to prevent retaliation, discrimination, and harassment from occurring.

2 | 82.     Defendant MOLINA was at all times on actual notice of NOVELLO's propensity

3 | to sexually harass Plaintiff, yet failed to take appropriate action or prevent its recurrence.  In

4 | violation of its own policies and procedures, Defendant failed to adequately investigate

5 | Plaintiff's allegations regarding NOVELLO's misconduct, and failed to take all reasonable steps

6 | to prevent him from continuing to harass Plaintiff.  Defendant failed to take all reasonable steps

7 | necessary to prevent harassment from occurring in violation of § 12940(k).

8 | 83.     Defendant MOLINA was at all times herein on actual notice of retaliatory,

9 | discriminatory, and harassing actions committed by BARLOW, NOVELLO, and KURTZ

10 | against Plaintiff, yet failed to take any action. Defendant failed to adequately investigate

11 | Plaintiff's allegations regarding BARLOW's, NOVELLO's and KURTZ' misconduct, and failed

12 | to take all reasonable steps to prevent them from retaliating against, discriminating against, and

13 | harassing Plaintiff.  Defendant failed to take all reasonable steps necessary to prevent

14 | harassment, discrimination, and retaliation from occurring in violation of § 12940(k).

15 | 84.     As a direct, foreseeable and proximate result of Defendant's unlawful actions,

16 | Plaintiff has suffered and continues to suffer losses in past and future earnings, equity and other

17 | employment benefits, and has incurred other economic losses.

18 | 85.     As a direct, foreseeable, and proximate result of Defendant's unlawful actions,

19 | Plaintiff has suffered substantial emotional distress, humiliation, shame, and embarrassment, all

20 | to Plaintiff's damages in an amount to be proven at the time of trial.

21 | 86.     Defendant committed the acts herein despicably, maliciously, fraudulently, and

22 | oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive

23 | amounting to malice, and in conscious disregard of the rights and safety of Plaintiff and others.

24 | Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to

25 | proof.

26 |

27 |

28 | Complaint for Damage for Gender Discrimination in Violation of Cal. Gov't Code § 12940(a); Violation of California Equal Pay Act; Sexual Harassment/Hostile Work Environment in Violation of Cal. Gov't Code § 12940(a) & (j); Retaliation in Violation of Cal. Gov't Code § 12940(h); Failure to Prevent Discrimination, Retaliation and Harassment in Violation of Cal. Gov't Code § 12940(k); Violation of Cal. Labor Code§ 1102.5(b); Constructive Discharge in Violation of Public Policy; Violation of Cal. Labor Code §§ 226 et seq.; Violation of Cal. Labor Code § 1198.5; Gender Discrimination in Violation of 42 U.S.C §§ 2000e-2(a)(1), et seq.; Sexual Harassment/Hostile Work Environment in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Retaliation In Violation of 42 U.S.C. §§ 2000e-3(a); Failure to Prevent Harassment, Discrimination, and Retaliation in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Violation of Equal Pay Act 29 U.S.C. §§ 206(d)(1), et seq.

## SIXTH CAUSE OF ACTION
### Violation of Cal. Labor Code § 1102.5(b)

87.   Plaintiff realleges paragraphs 1 through 86 as though fully set forth herein.

88.   Cal. Labor Code § 1102.5(b) mandates that an employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

89.   Plaintiff disclosed to management that BARLOW failed to maintain confidential information regarding which he was legally obligated to keep confidential. The conduct of BARLOW in failing to maintain confidentiality violated Cal. Business and Professions Code § 6106, as well as the common-law rule requiring an attorney to observe confidences.

90.   Plaintiff disclosed to management that NOVELLO had been untruthful in conducting certain company business, misrepresented material facts and issues, and misrepresented management's wishes regarding case handling. The conduct of NOVELLO violated Cal. Business and Professions Code § 6106, as well as the common-law rule requiring an attorney to be truthful in his role as advocate.

91.   Plaintiff reported to management that BARLOW, NOVELLO and KURTZ had wrongfully harassed, discriminated, and retaliated against Plaintiff. Plaintiff also reported to management the systematic disparate treatment of women.

92.   Management had the authority to investigate, discover, or correct the violations or noncompliance by BARLOW, NOVELLO, and KURTZ. Prior to Plaintiff's disclosure, management was unaware of the misconduct of BARLOW, NOVELLO, and KURTZ.

93.   The reporting of BARLOW's, NOVELLO's and KURTZ' misconduct was a substantial factor in the retaliation against and constructive discharge of the Plaintiff.

Complaint for Damage for Gender Discrimination in Violation of Cal. Gov't Code § 12940(a); Violation of California Equal Pay Act; Sexual Harassment/Hostile Work Environment in Violation of Cal. Gov't Code §§ 12940(a) & (j); Retaliation in Violation of Cal. Gov't Code § 12940(h); Failure to Prevent Discrimination, Retaliation and Harassment in Violation of Cal. Gov't Code § 12940(k); Violation of Cal. Labor Code§ 1102.5(b); Constructive Discharge in Violation of Public Policy; Violation of Cal. Labor Code §§ 226 et seq.; Violation of Cal. Labor Code § 1198.5; Gender Discrimination in Violation of 42 U.S.C §§ 2000e-2(a)(1), et seq.; Sexual Harassment/Hostile Work Environment in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Retaliation in Violation of 42 U.S.C. §§ 2000e-3(a), et seq.; Failure to Prevent Harassment, Discrimination, and Retaliation in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Violation of Equal Pay Act 29 U.S.C. §§ 206(d)(1), et seq.

94.     The misconduct of MOLINA in retaliating against Plaintiff for objecting to BARLOW's, NOVELLO's and KURTZ' misconduct violated Cal. Labor Code § 1102.5 (b).

95.     As a direct, foreseeable and proximate result of Defendant's unlawful actions, Plaintiff has suffered and continue to suffer losses in past and future earnings, equity and other employment benefits and has incurred other economic losses.

96.     As a direct, foreseeable, and proximate result of Defendant's unlawful actions, Plaintiff has suffered substantial emotional distress, humiliation, shame, and embarrassment, all to Plaintiff's damage in an amount to be proven at the time of trial.

97.     Defendant committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights and safety of Plaintiff and others. Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to proof.

## SEVENTH CAUSE OF ACTION
### Constructive Discharge in Violation of Public Policy

98.     Plaintiff realleges paragraphs 1 through 97 as though fully set forth herein.

99.     Plaintiff was subjected to working conditions that violated public policy, in that Plaintiff was demoted and treated intolerably on the basis of her gender and for resisting and reporting sexual harassment and discrimination, and for reporting misconduct that violated statutory and common-law.  The conditions imposed upon Plaintiff by Defendant would be both unusually and repeatedly offensive to a reasonable person in Plaintiff's position.

100.     Defendant MOLINA intentionally created or knowingly permitted these working conditions.

101.     These working conditions were so intolerable that a reasonable person in Plaintiff's position would have had no reasonable alternative except to resign.

Complaint for Damage for Gender Discrimination in Violation of Cal. Gov't Code § 12940(a); Violation of California Equal Pay Act; Sexual Harassment/Hostile Work Environment in Violation of Cal. Gov't Code §§ 12940(a) & (j); Retaliation in Violation of Cal. Gov't Code § 12940(h); Failure to Prevent Discrimination, Retaliation and Harassment in Violation of Cal. Gov't Code § 12940(k); Violation of Cal. Labor Code§ 1102.5(b); Constructive Discharge in Violation of Public Policy; Violation of Cal. Labor Code §§ 226 et seq.; Violation of Cal. Labor Code § 1198.5; Gender Discrimination in Violation of 42 U.S.C. §§ 2000e-2(a)(1), et seq.; Sexual Harassment/Hostile Work Environment in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Retaliation in Violation of 42 U.S.C. §§ 2000e-3(a); Failure to Prevent Harassment, Discrimination, and Retaliation in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Violation of Equal Pay Act 29 U.S.C. § 206(d)(1), et seq.

102.    The adverse working conditions would be unusually and repeatedly offensive to a reasonable person in Plaintiff's position.

103.    Plaintiff found the conditions to be unusually and repeatedly offensive.

104.    Defendant MOLINA's officers, managing agents, and supervisory employees intentionally created or knowingly permitted working conditions to exist that were so intolerable that a reasonable person in Plaintiff's position would have had no reasonable alternative except to resign.

105.    The intolerable working conditions were a substantial factor in causing Plaintiff's resignation.

106.    Plaintiff was harmed.

107.    The intolerable working conditions were a substantial factor in causing Plaintiff's harm.

108.    In committing the misconduct alleged herein in violation of California Government Code §§ 12940(a) et seq. Labor Code §§ 1102.5 et seq., and 42 U.S.C. §§ 2000e et seq., Defendant has violated public policy.  That is, by causing the constructive discharge of Plaintiff on the basis of her gender, and because she was engaged in protected activity, Defendant has violated fundamental tenets of equitable employment law.

109.    As a direct, foreseeable and proximate result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer losses in past and future earnings, equity and other employment benefits, and has incurred other economic losses.

110.    As a direct, foreseeable, and proximate result of Defendant's unlawful actions, Plaintiff has suffered substantial emotional distress, humiliation, shame, and embarrassment, all to Plaintiff's damage in an amount to be proven at the time of trial.

111.    Defendant committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights and safety of Plaintiff and others.

Complaint for Damage for Gender Discrimination in Violation of Cal. Gov't Code § 12940(a); Violation of California Equal Pay Act; Sexual Harassment/Hostile Work Environment In Violation of Cal. Gov't Code §§ 12940(a) & (j); Retaliation in Violation of Cal. Gov't Code § 12940(h); Failure to Prevent Discrimination, Retaliation and Harassment in Violation of Cal. Gov't Code § 12940(k); Violation of Cal. Labor Code§ 1102.5(b); Constructive Discharge in Violation of Public Policy; Violation of Cal. Labor Code §§ 226 et seq.; Violation of Cal. Labor Code § 1198.5; Gender Discrimination in Violation of 42 U.S.C §§ 2000e-2(a)(1), et seq.; Sexual Harassment/Hostile Work Environment in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Retaliation in Violation of 42 U.S.C. §§ 2000e-3(a); Failure to Prevent Harassment, Discrimination, and Retaliation in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Violation of Equal Pay Act 29 U.S.C. §§ 206(d)(1), et seq.

Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to proof.

## EIGHTH CAUSE OF ACTION
### Violation of Cal. Labor Code §§ 226 et seq.

112.    Plaintiff hereby incorporates by reference Paragraphs 1 through 111 of this Complaint as if fully set forth herein.

113.    On or about August 10, 2016 Plaintiff made a written request to inspect records pursuant to Cal. Labor Code §§ 226 et seq.

114.    Defendant MOLINA failed to comply with Plaintiff's request made pursuant to Cal. Labor Code §§ 226 et seq.

115.    Plaintiff is entitled to statutory damages from Defendant's failure to comply with Cal. Labor Code §§ 226 et seq., in an amount according to proof, including costs and attorney's fees.

## NINTH CAUSE OF ACTION
### Violation of Cal. Labor Code § 1198.5

116.    The Plaintiff realleges paragraphs 1 through 115 as though fully set forth herein.

117.    On or about August 10, 2016 Plaintiff made a written request to inspect records pursuant to Cal. Labor Code § 1198.5.  Defendant herein failed to comply with Plaintiff's request made pursuant to Cal. Labor Code § 1198.5.

118.    Plaintiff is entitled to statutory damages, costs, and attorney's fees in an amount according to proof pursuant to Cal. Labor Code § 1198.5.

## TENTH CAUSE OF ACTION
### Gender Discrimination in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.

119.    Plaintiff realleges paragraphs 1 through 118 as though fully set forth herein.

Complaint for Damage for Gender Discrimination in Violation of Cal. Gov't Code § 12940(a); Violation of California Equal Pay Act; Sexual Harassment/Hostile Work Environment In Violation of Cal. Gov't Code §§ 12940(a) & (j); Retaliation in Violation of Cal. Gov't Code § 12940(h); Failure to Prevent Discrimination, Retaliation and Harassment in Violation of Cal. Gov't Code § 12940(k); Violation of Cal. Labor Code§ 1102.5(b); Constructive Discharge in Violation of Public Policy; Violation of Cal. Labor Code §§ 226 et seq.; Violation of Cal. Labor Code § 1198.5; Gender Discrimination in Violation of 42 U.S.C §§ 2000e-2(a)(1), et seq.; Sexual Harassment/Hostile Work Environment in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Retaliation in Violation of 42 U.S.C. §§ 2000e-3(a); Failure to Prevent Harassment, Discrimination, and Retaliation in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Violation of Equal Pay Act 29 U.S.C. §§ 206(d)(1), et seq.

120.    Plaintiff was treated disparately and constructively discharged based upon her gender.   The gender of Plaintiff was a motivating factor in the adverse employment decisions described herein taken by Defendant at the time the decisions were made.

121.    The actions of Defendant constituted gender discrimination pursuant to 42 U.S.C. §§ 2000e, et seq., as amended by the Civil Rights Act of 1991.

122.    As a proximate result of Defendant's discriminatory actions against Plaintiff, Plaintiff has been harmed in that she has suffered the loss of past and future wages, salary, equity, and benefits.

123.    As a further proximate result of Defendant's discriminatory actions against Plaintiff, Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, all to her general damages according to proof.

124.    Defendant committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights and safety of Plaintiff and others. Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to proof.

**ELEVENTH CAUSE OF ACTION**
**Sexual Harassment/Hostile Work Environment in Violation of**
**42 U.S.C. §§ 2000e—2(a)(1), et seq.**

125.    Plaintiff realleges paragraphs 1 through 124 as though fully set forth herein.

126.    Plaintiff was repeatedly subjected to verbal comments and intimidation of a sexual nature, including but not limited to sexual advances and requests for sexual conduct.

127.    The perpetrators of the harassment were supervisory agents of Defendant MOLINA, and were Plaintiff's immediate supervisors.

128.    Defendant's supervisors' conduct was unwelcome.

Complaint for Damage for Gender Discrimination in Violation of Cal. Gov't Code § 12940(a); Violation of California Equal Pay Act; Sexual Harassment/Hostile Work Environment in Violation of Cal. Gov't Code §§ 12940(a) & (j); Retaliation in Violation of Cal. Gov't Code § 12940(h); Failure to Prevent Discrimination, Retaliation and Harassment in Violation of Cal. Gov't Code § 12940(k); Violation of Cal. Labor Code§ 1102.5(b); Constructive Discharge in Violation of Public Policy; Violation of Cal. Labor Code §§ 226 et seq.; Violation of Cal. Labor Code § 1198.5; Gender Discrimination in Violation of 42 U.S.C §§ 2000e-2(a)(1), et seq.; Sexual Harassment/Hostile Work Environment in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Retaliation in Violation of 42 U.S.C. §§ 2000e-3(a); Failure to Prevent Harassment, Discrimination, and Retaliation in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Violation of Equal Pay Act 29 U.S.C. §§ 206(d)(1), et seq.

129.    Defendant's supervisors' conduct was sufficiently severe or pervasive to alter conditions of Plaintiff's employment and created a sexually abusive or hostile work environment.

130.    Plaintiff perceived the working environment to be abusive or hostile.

131.    A reasonable woman in Plaintiff's circumstances would consider the working environment to be abusive or hostile.

132.    As a direct, foreseeable and proximate result of Defendant's unlawful actions, Plaintiff has suffered and continue to suffer losses in past and future earnings, equity and other employment benefits and has incurred other economic losses.

133.    As a direct, foreseeable, and proximate result of Defendant's unlawful actions, Plaintiff has suffered substantial emotional distress, humiliation, shame, and embarrassment, all to Plaintiff's damage in an amount to be proven at the time of trial.

134.    Defendant committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights and safety of Plaintiff and others. Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to proof.

## TWELFTH CAUSE OF ACTION

### Retaliation in Violation of 42 U.S.C. §§ 2000e-3(a)

135.    Plaintiff realleges paragraphs 1 through 134 as though fully set forth herein.

136.    42 U.S.C. §§ 2000e-3(a) makes it an unlawful employment practice for a person covered by the Act to discriminate against an individual because she has opposed any practice made an unlawful employment practice by this subchapter, or because she has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this subchapter

26

Complaint for Damage for Gender Discrimination in Violation of Cal. Gov't Code § 12940(a); Violation of California Equal Pay Act; Sexual Harassment/Hostile Work Environment in Violation of Cal. Gov't Code §§ 12940(a) & (j); Retaliation in Violation of Cal. Gov't Code § 12940(h); Failure to Prevent Discrimination, Retaliation and Harassment in Violation of Cal. Gov't Code § 12940(k); Violation of Cal. Labor Code§ 1102.5(b); Constructive Discharge in Violation of Public Policy; Violation of Cal. Labor Code §§ 226 et seq.; Violation of Cal. Labor Code § 1198.5; Gender Discrimination in Violation of 42 U.S.C §§ 2000e-2(a)(1), et seq.; Sexual Harassment/Hostile Work Environment in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Retaliation in Violation of 42 U.S.C. §§ 2000e-3(a); Failure to Prevent Harassment, Discrimination, and Retaliation in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Violation of Equal Pay Act 29 U.S.C. §§ 206(d)(1), et seq.

137.    Until her constructive discharge, Plaintiff engaged in numerous protected activities. These activities included, but were not limited to, the following:

a.  Plaintiff advised HR to investigate employee's discrimination complaints even if BARLOW disagreed;

b.  Plaintiff complained to HR that BARLOW was wrongfully blocking her promotion;

c.  Plaintiff confronted BARLOW about his interference with and obstruction of the HR investigation;

d.  Plaintiff expressed to management and HR that she was not comfortable working with NOVELLO who had sexually harassed her in the past;

e.  Plaintiff complained to BARLOW, management, and HR that NOVELLO removed high-level HR issues from her;

f.  Plaintiff reported to management and HR, that BARLOW had tried to insulate the Legal Department from HR supervision;

g.  Plaintiff reported to management and HR BARLOW's instruction to eliminate HR and instead address all personnel problems with him or NOVELLO;

h.  Plaintiff informed NOVELLO that BARLOW's "all hands" meeting and instruction not to go to HR to discuss problems was a direct retaliation against her because she, as part of her job, advised HR regarding discrimination complaints;

i.  Plaintiff reported to HR that two male employees had been promoted without having ever managed anyone or any process and were less qualified than she;

j.  Prior to the March 4th retreat, the Plaintiff expressed her ongoing concerns to HR and management about being in close proximity to NOVELLO;

k.  After the retreat, Plaintiff reported the serious sexual misconduct of NOVELLO to HR;

l.  Plaintiff filed a formal complaint against NOVELLO with HR;

m.  Plaintiff reported to management that BARLOW displayed a lack of knowledge regarding employment law matters;

Complaint for Damage for Gender Discrimination in Violation of Cal. Gov't Code § 12940(a); Violation of California Equal Pay Act; Sexual Harassment/Hostile Work Environment in Violation of Cal. Gov't Code §§ 12940(a) & (j); Retaliation in Violation of Cal. Gov't Code § 12940(h); Failure to Prevent Discrimination, Retaliation and Harassment in Violation of Cal. Gov't Code § 12940(k); Violation of Cal. Labor Code § 1102.5(b); Constructive Discharge in Violation of Public Policy; Violation of Cal. Labor Code §§ 226 et seq.; Violation of Cal. Labor Code § 1198.5; Gender Discrimination in Violation of 42 U.S.C. §§ 2000e-2(a)(1), et seq.; Sexual Harassment/Hostile Work Environment in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Retaliation in Violation of 42 U.S.C. §§ 2000e-3(a); Failure to Prevent Harassment, Discrimination, and Retaliation in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Violation of Equal Pay Act 29 U.S.C. §§ 206(d)(1), et seq.

n. Plaintiff reported to management that BARLOW repeatedly failed to maintain confidential information;

o. Plaintiff reported to management that NOVELLO had made misrepresentations about material facts and issues, and also mispresented management's wishes regarding case handling;

p. Plaintiff reported to management that BARLOW repeatedly disparaged members of management to other employees;

q. Plaintiff reported to HR that NOVELLO's, BARLOW's, and KURTZ' conduct toward Plaintiff and other female employees was negatively impacting MOLINA;

r. Plaintiff reported her conversation with Dr. Molina to HR regarding her complaint against NOVELLO;

s. Plaintiff reported to BARLOW that she had made a complaint against NOVELLO;

t. Plaintiff met with HR to express her serious concerns about the results of the investigation into her complaint against NOVELLO;

u. Plaintiff was especially concerned about working with and for BARLOW and reported these concerns to HR;

v. Plaintiff reported to management that BARLOW, NOVELLO, and KURTZ had harassed her and other female employees and discriminated and retaliated against her.

w. Plaintiff reported to management, HR, and BARLOW that BARLOW's actions towards her after NOVELLO's termination were retaliatory and causing her a great deal of stress.

138. Defendant retaliated in the following ways, among others:

a. BARLOW falsely accused Plaintiff of making a complaint against him to HR;

b. BARLOW blocked Plaintiff 's promotion;

c. BARLOW continually made disparaging remarks about Plaintiff to her coworkers and outside counsel;

Complaint for Damage for Gender Discrimination in Violation of Cal. Gov't Code § 12940(a); Violation of California Equal Pay Act; Sexual Harassment/Hostile Work Environment in Violation of Cal. Gov't Code §§ 12940(a) & (j); Retaliation in Violation of Cal. Gov't Code § 12940(h); Failure to Prevent Discrimination, Retaliation and Harassment in Violation of Cal. Gov't Code § 12940(k); Violation of Cal. Labor Code § 1102.5(b); Constructive Discharge in Violation of Public Policy; Violation of Cal. Labor Code §§ 226 et seq.; Violation of Cal. Labor Code § 1198.5; Gender Discrimination in Violation of 42 U.S.C §§ 2000e-2(a)(1), et seq.; Sexual Harassment/Hostile Work Environment in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Retaliation in Violation of 42 U.S.C. §§ 2000e-3(a); Failure to Prevent Harassment, Discrimination, and Retaliation in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Violation of Equal Pay Act 29 U.S.C. §§ 206(d)(1), et seq.

d. "High-level HR issues" were removed from Plaintiff, preventing her from doing her job;

e. Plaintiff received undo and unfounded criticism of her work performance by NOVELLO;

f. BARLOW instructed employees not to consult with HR regarding employment issues, preventing Plaintiff from performing her advisory role;

g. BARLOW issued a false account of why NOVELLO left MOLINA;

h. A male, who was less qualified than Plaintiff, was promoted to NOVELLO's vacant position;

i. MOLINA violated its own policies and procedures by not investigating Plaintiff's complaints;

j. MOLINA required that Plaintiff report to BARLOW, who had consistently demonstrated discriminatory and retaliatory conduct toward Plaintiff;

k. MOLINA interfered with the reporting of subordinates to Plaintiff, usurping her authority, and rendering it much more difficult for her to do her job.

139. Defendant MOLINA subjected the Plaintiff to adverse employment actions, including demotion, blocking her promotion, preventing from doing her job, hostile work environment, harassment and retaliation, resulting in constructive discharge.

140. A reasonable person would find Defendant's misconduct materially adverse.

141. But for Plaintiff engaging in the subject protected activity, she would not have been subjected to the adverse employment actions alleged herein.

142. As a direct, foreseeable and proximate result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer losses in past and future earnings, equity and other employment benefits and has incurred other economic losses.

143. As a direct, foreseeable, and proximate result of Defendants' unlawful actions, the Plaintiff has suffered substantial emotional distress, humiliation, shame, and embarrassment, all to Plaintiff's damage in an amount to be proven at the time of trial.

Complaint for Damage for Gender Discrimination in Violation of Cal. Gov't Code § 12940(a); Violation of California Equal Pay Act; Sexual Harassment/Hostile Work Environment in Violation of Cal. Gov't Code §§ 12940(a) & (j); Retaliation in Violation of Cal. Gov't Code § 12940(h); Failure to Prevent Discrimination, Retaliation and Harassment in Violation of Cal. Gov't Code § 12940(k); Violation of Cal. Labor Code § 1102.5(b); Constructive Discharge in Violation of Public Policy; Violation of Cal. Labor Code §§ 226 et seq.; Violation of Cal. Labor Code § 1198.5; Gender Discrimination in Violation of 42 U.S.C. §§ 2000e-2(a)(1), et seq.; Sexual Harassment/Hostile Work Environment in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Retaliation in Violation of 42 U.S.C. §§ 2000e-3(a); Failure to Prevent Harassment, Discrimination, and Retaliation in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Violation of Equal Pay Act 29 U.S.C. §§ 206(d)(1), et seq.

144.    Defendant committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights and safety of Plaintiff and others. Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to proof.

## THIRTEENTH CAUSE OF ACTION
### Failure to Prevent Harassment, Discrimination, and Retaliation in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.

145.    Plaintiff realleges paragraphs 1 through 144 as though fully set forth herein.

146.    Defendant MOLINA was at all times on actual notice of NOVELLO's propensity to sexually harass Plaintiff, yet failed to take appropriate action. Defendant failed to adequately investigate Plaintiff's allegations regarding NOVELLO's misconduct, and failed to take all reasonable steps to prevent him from further sexually harassing Plaintiff. Defendant failed to take all reasonable steps necessary to prevent harassment from occurring.

147.    Defendant MOLINA was at all times herein on actual notice of the retaliatory and harassing actions committed by BARLOW, NOVELLO, and KURTZ against Plaintiff. Defendant failed to adequately investigate Plaintiff's allegations regarding BARLOW's, NOVELLO's, and KURTZ' misconduct, and failed to take all reasonable steps to prevent them from further retaliating against and harassing Plaintiff. Defendant failed to take all reasonable steps necessary to prevent harassment from occurring.

148.    As a direct, foreseeable and proximate result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer losses in past and future earnings, equity and other employment benefits and has incurred other economic losses.

149.    As a direct, foreseeable, and proximate result of Defendant's unlawful actions, Plaintiff has suffered substantial emotional distress, humiliation, shame, and embarrassment, all to Plaintiff's damage in an amount to be proven at the time of trial.

Complaint for Damage for Gender Discrimination in Violation of Cal. Gov't Code § 12940(a); Violation of California Equal Pay Act; Sexual Harassment/Hostile Work Environment in Violation of Cal. Gov't Code §§ 12940(a) & (j); Retaliation in Violation of Cal. Gov't Code § 12940(h); Failure to Prevent Discrimination, Retaliation and Harassment in Violation of Cal. Gov't Code § 12940(k); Violation of Cal. Labor Code§ 1102.5(b); Constructive Discharge in Violation of Public Policy; Violation of Cal. Labor Code §§ 226 et seq.; Violation of Cal. Labor Code § 1198.5; Gender Discrimination in Violation of 42 U.S.C §§ 2000e-2(a)(1), et seq.; Sexual Harassment/Hostile Work Environment in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Retaliation in Violation of 42 U.S.C. §§ 2000e-3(a); Failure to Prevent Harassment, Discrimination, and Retaliation in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Violation of Equal Pay Act 29 U.S.C. §§ 206(d)(1), et seq.

150.    Defendant committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights and safety of Plaintiff and others. Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to proof.

## FOURTEENTH CAUSE OF ACTION
### Violation of Equal Pay Act 29 U.S.C. §§ 206(d)(1), et seq.

151.    Plaintiff realleges paragraphs 1 through 150 as though fully set forth herein.

152.    At all times herein, Plaintiff did not receive equal pay for equal work done by similarly situated individuals in the employ of Defendant, in violation of the Federal Equal Pay Act, 29 U.S.C. 206(d)(1), et. seq. The rate of pay of the Plaintiff was less than the rates paid to employees of the opposite sex in the same establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

153.    At all times herein, Plaintiff performed the responsibilities of Assistant Vice President, but did not receive the title or compensation relative thereto.  Only males in the litigation department received the title and commensurate compensation, despite the fact that Plaintiff and other females did the same work.  Further, male employees were promoted over female employees who had similar qualifications and were doing similar work.

154.    As a proximate result of Defendant's discriminatory actions against Plaintiff, Plaintiff has been harmed in that she has suffered the loss of past and future wages, salary, equity, and other benefits in an amount to be proven at the time of trial.

155.    As a further proximate result of Defendant's discriminatory actions against Plaintiff, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress in an amount to be proven at the time of trial.

Complaint for Damage for Gender Discrimination in Violation of Cal. Gov't Code § 12940(a); Violation of California Equal Pay Act; Sexual Harassment/Hostile Work Environment in Violation of Cal. Gov't Code §§ 12940(a) & (j); Retaliation in Violation of Cal. Gov't Code § 12940(h); Failure to Prevent Discrimination, Retaliation and Harassment in Violation of Cal. Gov't Code § 12940(k); Violation of Cal. Labor Code§ 1102.5(b); Constructive Discharge in Violation of Public Policy; Violation of Cal. Labor Code §§ 226 et seq.; Violation of Cal. Labor Code § 1198.5; Gender Discrimination in Violation of 42 U.S.C §§ 2000e-2(a)(1), et seq.; Sexual Harassment/Hostile Work Environment in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Retaliation in Violation of 42 U.S.C. §§ 2000e-3(a); Failure to Prevent Harassment, Discrimination, and Retaliation in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Violation of Equal Pay Act 29 U.S.C. §§ 206(d)(1), et seq.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, and each of them, as follows:

1. For compensatory damages, including but not limited to, past and future lost wages, plus interest, lost past and future fringe benefits, and lost equity;

2. For damages for emotional distress and pain and suffering, according to proof allowed by law;

3. For punitive damages allowed by law;

4. For reasonable attorney's fees;

5. For an award to Plaintiff of costs of suit incurred herein;

6. For an award of prejudgment and post-judgment interest; and

7. For an award to Plaintiff of such other and further legal and equitable relief as the Court deems just and proper.

LAW OFFICES OF DONALD R. McKILLOP, SR.

Dated: 1/20/17

DONALD R. McKILLOP, SR.
ATTORNEYS FOR PLAINTIFF

Complaint for Damage for Gender Discrimination in Violation of Cal. Gov't Code § 12940(a); Violation of California Equal Pay Act; Sexual Harassment/Hostile Work Environment in Violation of Cal. Gov't Code §§ 12940(a) & (j); Retaliation in Violation of Cal. Gov't Code § 12940(h); Failure to Prevent Discrimination, Retaliation and Harassment in Violation of Cal. Gov't Code § 12940(k); Violation of Cal. Labor Code§ 1102.5(b); Constructive Discharge in Violation of Public Policy; Violation of Cal. Labor Code §§ 226 et seq.; Violation of Cal. Labor Code § 1198.5; Gender Discrimination in Violation of 42 U.S.C §§ 2000e-2(a)(1), et seq.; Sexual Harassment/Hostile Work Environment in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Retaliation in Violation of 42 U.S.C. §§ 2000e-3(a); Failure to Prevent Harassment, Discrimination, and Retaliation in Violation of 42 U.S.C. §§ 2000e—2(a)(1), et seq.; Violation of Equal Pay Act 29 U.S.C. § 206(d)(1), et seq.

# EXHIBIT

# 1

Law Offices of

# DONALD R. MCKILLOP

Foremost Professional Building
12396 World Trade Drive, Suite 202
San Diego, California 92128
Telephone: 858-487-8118
Facsimile: 858-487-8109
E-Mail: don@mckilloplaw.com

August 10, 2016

J. Mario Molina, M.D.
President & Chief Executive Officer
Molina Healthcare, Inc.
200 Oceangate, Suite 100
Long Beach, Ca 90802

Re:   *Erin Hiley v. Molina Healthcare, Inc., Jeff Barlow, et al.*
      Our File No.: 830-1001

Dear Dr. Molina:

Please be advised that we have been retained to represent the interests of Erin Hiley with regard to substantial workplace related legal claims against Molina Healthcare, Inc. ("Molina"), Jeff Barlow, and other appropriate individuals. As such, we request that no further contact be made with our client by you or any other Molina employee, but instead direct all future communication directly to me at my office address identified above.

Initially, please consider this correspondence our client's request that our office be provided copies of her personnel file, hiring documents, investigative files referencing or relating to her in any way, write-ups, performance evaluations, and payroll, benefit and other compensation records on her behalf as required by California law. Enclosed is an Authorization to Disclose Information properly executed by our client empowering our office to receive these documents.

Secondly, please consider this our demand that you preserve both electronic and tangible documents as well as other tangible items reasonably related to our client's employment with Molina and any potential claim that Ms. Hiley may pursue. This request specifically includes, but is not limited to all electronically stored information that is relevant or reasonably likely to lead to the discovery of relevant evidence. This preservation obligation continues until the litigation is resolved. This preservation obligation encompasses the duty to prevent any routine data or document deletion that could result in the destruction of discoverable evidence. This includes any internal procedures that are likely to make discoverable documents unduly difficult to obtain, such as archiving to an off-site location. Your failure to do so could constitute spoliation of evidence, and can result in significant monetary and evidentiary sanctions. Unigard Security Insurance Company v. Lakewood Engineering and Manufacturing Corp 982 F2d 363(9thCir 1992); Zubulakee v. UBS Warburg LLC F.R.D. 212, 216 (S.d.N.Y.2003); advisory

J. Mario Molina, M.D.
August 10, 2016
Page 2

committee notes to FRCP37(2006 Amendment).

Finally, please be advised that administrative claims are in the process of being filed with the California Department of Fair Employment and Housing and the Equal Employment Opportunity Commission. We anticipate receipt of Right to Sue letters in short order, followed immediately thereafter by litigation.

As you undoubtedly know, Ms. Hiley has suffered significant and substantial damages as a result of the tortious and illegal conduct of Molina and its employees. However, should you deem it appropriate, our client is willing to engage in meaningful discussions to resolve all issues related to her employment separation, including participating in prompt mediation. To that end, should you wish to explore a resolution of all issues that is fair and equitable to all parties, I invite you to contact me at your earliest convenience. If we do not hear from you, we will assume that you are not interested in pursuing resolution of these claims and we will continue with filing the complaint and litigating this matter.

If you have any questions or require additional information, please do not hesitate to contact me. In the interim, I thank you for your anticipated prompt attention, and I look forward to receipt of the requested documents within the statutory time period.

Sincerely,

DONALD R. McKILLOP, SR.
ATTORNEY AT LAW

enclosure
cc: Jeff Barlow, Esq. w/o enclosure

EXHIBIT

2



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

August 10, 2016

Erin Hiley
1504 Lynngrove Drive
Manhattan Beach California 90266

RE:  **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 795345-243932
Right to Sue: Hiley / Molina Healthcare, Inc.

Dear Erin Hiley,

This letter informs you that the above-referenced complaint was filed with the Department of Fair
Employment and Housing (DFEH) has been closed effective August 10, 2016 because an immediate
Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision
(b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against
the person, employer, labor organization or employment agency named in the above-referenced
complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity
Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure
or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

Enclosures

cc:  Jeff Barlow

# EXHIBIT

# 3

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To:  Erin Hiley
1504 Lynngrove Drive
Manhattan Beach, CA 90266

From:  Los Angeles District Office
255 E. Temple St. 4th Floor
Los Angeles, CA 90012

☐  On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 480-2016-02836 | Patricia Kane, Enforcement Manager | (213) 894-1021 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐  More than 180 days have passed since the filing of this charge.

☒  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐  The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Rosa M. Viramontes_                    10/19/2016

Rosa M. Viramontes,
District Director

(Date Mailed)

Enclosures(s)

cc:  Jeff Barlow
Senior Vice President
Molina Healthcare-Molina Center
300 University Ave., Ste 100
Sacramento, CA 95825

Donald McKillop
Legal Counsel
12398 World Trade Drive. #202
San Diego, CA 92128